## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NANCY ANAYA-SMITH, next of kin of MICHAEL BRIAN SMITH, deceased, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-20-565-D |
| FEDERATED MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Before the Court is Plaintiff's Motion for Post-Appeal Partial Summary Judgment [Doc. No. 47]. Defendant Federated Mutual Insurance Company (Federated) filed a response and cross-motion for summary judgment [Doc. No. 54]. Both parties filed replies in support of their motions for summary judgment [Doc. Nos. 55, 58]. The matters are fully briefed and at issue.

## UNDISPUTED FACTS[1]

Michael Brian Smith was tragically killed in a motor vehicle accident on March 24, 2020. At the time of the accident, Mr. Smith was a passenger in a vehicle owned by his

---

[1] This statement includes material facts that are properly supported by the asserting party and not opposed in the manner required by FED. R. CIV. P. 56(c). Plaintiff did not include "undisputed material facts" in her motion for summary judgment [Doc. No. 47], nor did Plaintiff respond to the UMFs in Federated's cross-motion [Doc. No. 54]. Accordingly, the Court accepts as true all material facts asserted and properly supported by Federated's cross-motion. *See* LCvR56.1(e) ("All material facts set forth in the statement of material facts of the movant may be deemed admitted for the purpose of summary judgment unless specifically controverted by the nonmovant using the procedures set forth in this rule."). The Court may consider evidence in the record not specifically cited by the parties, *see* FED. R. CIV. P. 56(c)(3), but this does not relieve Plaintiff of responding to Federated's UMFs in the manner required by Rule 56(c).

employer, Fixtures & Drywall Company of Oklahoma (FADCO). Mr. Smith's co-worker was driving the vehicle at the time of the fatal accident. Plaintiff contends that the co-worker's negligence caused the accident. Def.'s Mot. at 25, ¶¶ 1-2.

Federated issued an insurance policy for the involved vehicle, which policy identifies FADCO as the named insured and extends up to $1 million in liability coverage to "all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies caused by an 'accident' and resulting from the ownership, maintenance or use of a covered auto."[2] [Doc. No. 18-2, at 2, 21, 26]. Under the policy, an "insured" is defined as "[a]nyone else while using with your permission a covered 'auto' you own, hire or borrow." *Id.* at 26. The policy excludes "[a]ny obligation for which the 'insured' or the 'insured's' insurer may be held liable under any workers' compensation disability benefits." *Id.* at 27. It is undisputed that the involved vehicle was a covered auto and the driver was an insured for liability purposes.

Before issuing the policy, Federated offered FADCO the options of purchasing UM coverage by using the election form required by Okla. Stat. tit. 36, § 3636. On this form, FADCO checked the option to reject UM coverage. Def.'s Mot. at 25, ¶ 6; Doc. No. 18-4.

Federated also offered FADCO the option of purchasing UM coverage for FADCO's directors, officers, partners, owners, and their family members who qualify as insureds, while rejecting UM coverage for all other insureds. For this option, Federated utilized a separate form titled "Oklahoma Commercial Auto Coverage Option." [Doc. No.

---

[2] Federated's umbrella policy also provided up to $6 million of excess liability coverage. Def.'s Mot. at 27, ¶ 15.

18-5]. On the same day that FADCO rejected all UM coverage via the standard election form [Doc. No. 18-4], FADCO elected to purchase up to $1 million in UM coverage for its directors, officers, partners, owners, and their family members who qualify as insureds, and reject UM coverage for all other insureds [Doc. No. 18-5]. Def.'s Mot. at 25, ¶¶ 7-9.

Plaintiff, as next of kin of Mr. Smith, made a claim for UM benefits under FADCO's insurance policy. Federated denied the claim because Plaintiff was not a FADCO director, officer, partner, owner, or qualifying family member at the time of the accident. Thereafter, Plaintiff brought this action against Federated, alleging that Federated denied her UM claim in bad faith and that its coverage scheme violates Oklahoma law and public policy. Federated brought a counterclaim for declaratory relief, seeking a declaratory judgment that 1) the involved vehicle was not uninsured at the time of the accident because the driver qualified as an insured for liability coverage; and 2) Plaintiff is not entitled to UM benefits because FADCO's rejection of UM coverage for some insureds and not others was valid. [Doc. Nos. 1, 12].

Early in the litigation, Plaintiff moved for partial summary judgment, arguing that Plaintiff was entitled to $1 million in UM coverage, and that the Oklahoma Workers' Compensation Act's exclusive remedy provision did not bar Plaintiff from recovering under the policy [Doc. No. 13]. Federated filed a cross-motion, seeking summary judgment on the coverage issue, the bad faith claim, and its request for a declaratory judgment [Doc. No. 18].

In its previous Order [Doc. No. 31], this Court found that 1) the involved vehicle was an uninsured motor vehicle for the purpose of determining UM benefits; 2) the policy's

UM coverage scheme did not contravene Oklahoma law or policy; and 3) because Federated had no coverage obligations to Plaintiff, Federated was entitled to summary judgment on Plaintiff's bad faith claim.[3]

On appeal, the Tenth Circuit certified three questions to the Oklahoma Supreme Court. The first question related to the status of the vehicle, and the Supreme Court of Oklahoma agreed with this Court in holding that "a tortfeasor, who is immune from suit due to the exclusive remedy of workers' compensation, may be an uninsured motorist as a matter of Oklahoma law." *Anaya-Smith v. Federated Mut. Ins. Co.*, 549 P.3d 1213, 1220 (Okla. 2024).

The second question asked whether § 3636 permits FADCO "to purchase uninsured motorist coverage for its directors, officers, partners, owners, and their family members who qualify as insureds, but to reject uninsured motorist coverage for other persons who qualify as insureds[.]" *Anaya-Smith*, 549 P.3d at 1220. Answering in the negative, the Oklahoma Supreme Court held that "once FADCO opted to purchase UM coverage under its Federated liability policy, all insureds must be treated in a uniform manner; 36 O.S.Supp.2014, § 3636 does not permit the election of UM coverage for some insureds while excluding others." *Id.* Thus, "[t]he policy issued by Federated to FADCO does not comply with Oklahoma law and therefore, Decedent is entitled to recover UM/UIM benefits under the subject policy." *Id.* at 1224.

---

[3] The Court added that Plaintiff conceded her bad faith claim by failing to respond to Federated's argument that it was entitled to summary judgment on the bad faith claim. [Doc. No. 31, at 18 n.4]. Thereafter, Plaintiff failed to contest on appeal the Court's entry of summary judgment on her bad faith claim.

The third certified question concerned the amount of UM coverage that would be imputed to the policy as a matter of law if the policy was deemed to violate § 3636:

> If FADCO's insurance policy with Federated violated [Okla. Stat. tit. 36, § 3636], does the legislative intent or purpose of § 3636 impute the $1,000,000 uninsured motorist coverage policy limit FADCO purchased for its directors, officers, partners, owners, and their family members who qualify as insureds or [does] the $25,000 per person/$50,000 per accident minimum uninsured motorist coverage policy limit in § 3636 [apply] to the other persons who qualify as insureds?

*Id.* The Oklahoma Supreme Court declined to answer this question in the first instance because "what amount would be payable under the Federated policy was not decided by the federal district court and has not been briefed by the parties." *Id.* After the Oklahoma Supreme Court issued answers to two of the certified questions, the Tenth Circuit reversed and remanded the case for further proceedings. *See Anaya-Smith v. Federated Mut. Ins. Co.*, 2024 WL 2353882 (10th Cir. May 23, 2024).

Thereafter, Plaintiff filed her motion for post-appeal summary judgment [Doc. No. 47], arguing that Federated has waived the argument as to the amount of UM coverage by not raising the issue on appeal. Plaintiff also seems to argue that the UM coverage limit should be $7 million, which is the limit of liability coverage under the policy and umbrella policy, together. In response, Federated filed a cross-motion [Doc. No. 54], requesting a declaration that the UM coverage applicable to Plaintiff's claim is limited to $25,000; and that no UM coverage exists under, or can be imputed into, the Federated umbrella policy.

## STANDARD OF DECISION

Summary judgment is proper "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id.* at 255. Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, the defendant is entitled to judgment on that cause of action. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

At the summary judgment stage, the court's role is not "to weigh the evidence and determine the truth of the matter," but to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 249–52. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

## DISCUSSION

### A. Waiver

In her motion, Plaintiff first argues that Federated waived the issue as to what amount of UM coverage should be imputed into Federated's policy – the $1 million limit FADCO purchased for its directors, officers, partners, owners, and their qualifying family members, or the $25,000 per person/$50,000 per occurrence minimum established by Okla. Stat. tit. 36, § 3636. Plaintiff contends that the Oklahoma Supreme Court "held Federated

failed to raise the question of the amount of coverage in its appeal to the 10th Circuit" based on the Oklahoma Supreme Court declining to answer the question in the first instance:

> In the present case, the question of what amount would be payable under the Federated policy was not decided by the federal district court and has not been briefed by the parties. Thus, we decline to answer this question in the first instance.

Pltf.'s Mot. at 3; *Anaya-Smith*, 549 P.3d at 1224. Plaintiff's suggestion that this language is a holding by the Oklahoma Supreme Court that Federated has waived the issue of the amount of UM coverage is plainly incorrect.

In Federated's first cross-motion for summary judgment, it argued in the alternative that if FADCO's partial UM rejection were to be deemed invalid, then only the statutory minimum limits should be imputed into the policy [Doc. No. 18, at 27-28]. In previously concluding that FADCO's partial UM rejection was valid, it was not necessary for this Court to decide what amount of UM coverage would have been imputed into the policy had Plaintiff been entitled to UM coverage. Nor was it necessary for Federated to raise the moot issue on appeal. For these reasons, the Court finds that Federated is not barred by waiver from arguing what amount of UM coverage should be imputed into the Federated policy.

### B. Amount of UM Coverage

Federated contends that only the UM statutory minimum of $25,000 per person should be imputed into the Federated policy. Federated relies primarily on *May v. National*

*Union Fire Ins. Co.*, 918 P.2d 43 (Okla. 1996) and *Boerstler v. Hoover*, 943 P.2d 614 (Okla. 1997).

In *May*, the insurer failed to re-offer UM coverage after a material change in the policy and did not obtain a written rejection from the insured entity declining such coverage. *May*, 918 P.2d at 44. Thus, UM coverage was imputed as a matter of law. *Id*. In deciding whether to impute liability limits or the statutory UM minimum into the policy, the Oklahoma Supreme Court noted that "once it appears that the legislative purpose of § 3636 has been served, the statute's mandate is satisfied." *Id.* at 48. "Consequently, freedom-of-contract principles control as to any vehicle coverage *in excess of that required by statute*." *Id*. (quoting *Equity Mut. Ins. Co. v. Spring Valley Wholesale Nursery, Inc.*, 747 P.2d 947, 953 (Okla. 1987)) (emphasis in original). Ultimately, the *May* court held:

> Where an insurer fails to offer in writing or obtain a written rejection of UM coverage such that UM coverage is imputed to an insured's policy as a matter of law, we hold that the mandate of § 3636 is satisfied by the imputation of the minimum limits of UM coverage required by statute. To impute a higher amount of UM coverage would go beyond the mandate of § 3636.

*Id.*

In *Boerstler*, the insurer sent to the plaintiff's employer the UM election/rejection form required by § 3636 and notified the company that "failure to elect some higher [UM] coverage within thirty (30) days would be deemed an election to accept uninsured motorist coverage in the amount of the statutory minimum liability limits." *Boerstler*, 943 P.2d at 615. When the company did not send the form back, the insurer provided the statutory minimum of UM coverage, for which the employer was charged a premium. *Id*. Thereafter,

the plaintiff was injured while driving his employer's vehicle and argued that he was entitled to "coverage up to the $500,000.00 liability limit, rather than the statutory minimum coverage which was all that was paid for by his employer." *Id*. After noting that § 3636 does not "prescribe how much coverage should be imputed in the event an insurer does not satisfy the statute's requirements," the Oklahoma Supreme Court held that the statute is satisfied by the imputation of the statutory minimum UM coverage. *Id.* at 616.

In this case, the Oklahoma Supreme Court has voided FADCO's partial UM rejection as against Oklahoma public policy, leaving this Court to determine how much UM coverage to impute into the policy. It is undisputed that FADCO did not purchase or pay a premium for UM coverage for anyone other than its directors, officers, partners, owners, and their qualifying family members. It is also undisputed that FADCO's premium for $1 million in UM coverage for all insureds would have been 400% higher than the premium it bargained to pay for UM coverage for its directors and officers.[4] Although the Oklahoma Supreme Court has now ruled that an insured cannot purchase UM coverage for certain employees and reject it for all other insureds, the Court is wary of imputing UM coverage purchased for a small subset of insureds to all insureds where the company did not contract, or pay a premium for, such coverage. The Court finds that *May* and *Boerstler* are controlling for the proposition that if an insurer does not satisfy the requirements of § 3636, the statute is satisfied with the imputation of statutory minimum coverage.

---

[4] FADCO's premium for UM/UIM coverage for its directors, officers, partners, owners, and their qualifying family members was $230. Had FADCO also decided to purchase UM/UIM coverage for "any other person who qualifies as an insured," the premium would have been $1,150. Def.'s Mot. at 27, ¶¶ 13-14.

Plaintiff argues, briefly, that Plaintiff is entitled to $1 million in UM coverage because "an offer of UM was made and accepted and coverage was written and paid for[.]" [Doc. No. 47, at 4]. In her reply, Plaintiff relies on *Lane v. Progressive Northern Ins. Co.*, 494 P.3d 345 (Okla. 2021). In that case, the policy provided UM coverage of up to $100,000 per person and $300,000 per accident, and it was undisputed that the injured plaintiffs were covered by the policy's UM provision. *Lane*, 494 P.3d at 347. However, the policy contained an exclusion that "operate[d] to exclude uninsured-motorist coverage when the insured receives liability coverage in an amount equal to or greater than the minimum limits of liability prescribed under Oklahoma law." *Id*. The Oklahoma Supreme Court found that the UM exclusion violates § 3636 because it did not "merely modify the scope" of UM coverage, but "outright negate[d] that coverage." *Id*. at 350. "Progressive's blanket exclusion effectively ensures that only one form of coverage – for motor-vehicle liability – will ever be available, *even though its policyholder has paid for both*. Id.* (emphasis added).

Similarly, in *McKinney v. Progressive Direct Ins. Co.*, the policy "include[d] a per-person limit of $100,000.00 in UM coverage, *for which a premium was paid*." *McKinney*, 2021 WL 5829529, at *2 (10th Cir. 2021) (emphasis added). It was undisputed that the plaintiff was an insured for purposes of the UM coverage, but the policy contained the same broad UM exclusion as the policy in *Lane*. *Id.* The Tenth Circuit reasoned:

> Rather than simply lift the void UM exclusion out of the policy, Progressive asks us to treat the policy as if UM coverage was not included in the first place. But the Oklahoma Supreme Court was clear that Progressive customers cannot be deprived of the benefit of their bargain by a broad UM exclusion. *See*

10

> *Lane*, 494 P.3d at 351. *And the coverage bargained and paid for here was up to $100,000.00 per person.* Simply voiding the UM exclusion and then reading the policy, *the limit under the UM coverage is $100,000.00 per person.*

*Id.* (emphasis added).

Because it is undisputed that FADCO did not purchase UM coverage for all insureds, the Court finds *Lane* and *McKinney* to be distinguishable. This is not a case in which FADCO paid a premium for UM coverage for all insureds, then Federated attempted to use an "artfully drafted" UM exclusion that negated entirely the purchased UM coverage. *Lane*, 494 P.3d at 353. Notably, in the space to provide the "limit of insurance" in the UM provision of the policy, it does not state a UM coverage limit applicable to all insureds, but merely provides "SEE DECLARATIONS." [Doc. No. 18-2, at 42]. The UM declaration then clearly reflects up to $1 million in UM coverage for "directors, officers, partners or owners of the named insured and their 'family members' who qualify as 'insureds'," and no UM coverage for any other persons qualifying as insureds. Here, the Court cannot merely lift a broad UM exclusion out of the policy and see $1 million in UM coverage for all insureds.

In concluding that the two-tiered UM coverage under the policy contravenes § 3636(G), the Oklahoma Supreme Court cited to two Indiana appellate court cases, *Balagtas v. Bishop*, 910 N.E.2d 789, 795 (Ind. Ct. App. 2009) and *American Family Mut. Ins. Co. v. Federated Mut. Ins. Co.*, 775 N.E.2d 1198 (Ind. Ct. App. 2002). In *Balagtas*, the Indiana appellate court held that a UM/UIM election or rejection of coverage "must apply to all insureds." *Balagtas*, 910 N.E.2d at 795. In that case, a named insured on the

11

subject policy "signed a form electing limits on UM/UIM coverage for bodily injury in the amount of $500,000 for 'directors, officers, partners or owners of the named insured and family members who qualify as insureds' and rejected UM/UIM coverage for 'any other person who qualifies as an insured.'" *Id.* at 794. Similarly, in *American Family*, the subject policy included a UM/UIM endorsement reflecting $500,000 UM/$500,000 UIM limits for directors and officers, and no UM/UIM coverage for any other person qualifying as an insured. *American Family*, 775 N.E.2d at 1204-05. The *American Family* court held that "Federated's attempt to exclude the Browns from uninsured motorist coverage because they are not directors, officers, partners, and owners of the named insured is void under Indiana law and cannot be condoned by this court." *Id.* at 1206.

In both *Balagtas* and *American Family*, the Indiana appellate court found that the plaintiff was entitled to UM coverage in an amount equal to the bodily injury liability provision of the policy.[5] *Balagtas*, 910 N.E.2d at 796; *American Family*, 775 N.E.2d at 1206-07. Under Indiana law, "[f]ailure to obtain written rejection of uninsured motorist coverage [] require[s] an insurer to provide uninsured motorist coverage equal to bodily injury liability limits." *American Family*, 775 N.E.2d at 1206 (citing *Skrzypczak v. State Farm Mut. Auto Ins. Co.*, 668 N.E.2d 291 (Ind. Ct. App. 1996)). In contrast, the Oklahoma Supreme Court has held that, "[w]here an insurer fails to offer in writing or obtain a written rejection of UM coverage such that UM coverage is imputed to an insured's policy as a

---

[5] The Oklahoma Supreme Court also cited to *Varro v. Federated Mut. Ins. Co.*, 854 So.2d 726 (Fla. Ct. App. 2003), but the *Varro* court did not decide the amount of UM coverage after voiding the policy's partial UM rejection. *Varro*, 854 So.2d at 729.

matter of law, … the mandate of § 3636 is satisfied by the imputation of the minimum limits of UM coverage required by statute." *May*, 918 P.2d at 48. This Court's decision is ultimately guided by Oklahoma law and policy, which the Court reads to impute only minimum limits of UM coverage when an insurer fails to satisfy the requirements of § 3636 as Federated did here.

Finally, Plaintiff seems to argue that the Court should impute UM coverage of $7 million, the liability limit when including the umbrella policy. In response, Federated asserts that the umbrella policy explicitly excludes "[a]ny claim or obligation under any uninsured motorist or underinsured motorist laws, unless [the] policy is endorsed to provide such insurance," and no such endorsement has been made. Def.'s Mot. at 27, ¶ 15. Further, Federated relies on *Moser v. Liberty Mut. Ins. Co.*, in which the Oklahoma Supreme Court found the scope and intent of § 3636 to be "limited in application to policies insuring against primary liability." *Moser*, 731 P.2d 406 (Okla. 1986). The Court agrees with Federated and finds no support for Plaintiff's argument that $7 million in UM coverage should be imputed here.[6]

For these reasons, the Court finds that Federated is entitled to a judgment that the amount of UM coverage available to Plaintiff is limited to $25,000.

## C. Remaining Issues

Plaintiff's reply brief contains various arguments and requests for relief that were not raised in the parties' cross-motions. Plaintiff argues against Federated's right to assert

---

[6] The Court also finds that Plaintiff waived her argument as to $7 million of UM coverage by her failure to respond to Federated's cross-motion on this issue.

a lien against the judgment for sums it paid as the workers compensation insurer; argues that Federated's subrogation claim would be barred by the three-year statute of limitations set forth in Okla. Stat. tit. 12, § 95(A)(2); requests leave to amend her complaint pursuant to FED. R. CIV. P. 15; and asserts that "the judgment should be for $1 million plus costs and prejudgment interest with compounded interest on the total." [Doc. No. 55, at 4-9]. These issues were not addressed in the parties' cross-motions, and the Court is not required to consider arguments raised for the first time in a reply. *See United States v. Redcorn*, 528 F.3d 727, 738 (10th Cir. 2008); *see also Mikado v. Allbaugh*, No. CIV-15-1389-D, 2016 WL 3579228, at *2 (W.D. Okla. June 28, 2016).

Further, because the Court finds in favor of Federated, it need not address Federated's argument that imputing $1 million of UM coverage into the policy would violate Federated's constitutional rights.

## CONCLUSION

For these reasons, Plaintiff's Motion for Post-Appeal Partial Summary Judgment [Doc. No. 47] is **DENIED**, and Defendant's Cross-Motion for Summary Judgment [Doc. No. 54] is **GRANTED**.  A separate judgment shall be entered.

**ENTERED** this 20th day of February, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge