## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY ANAYA-SMITH, next of kin of MICHAEL BRIAN SMITH, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERATED MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | Case No. CIV-20-565-D |

### ORDER

Before the Court is Plaintiff's Motion for New Trial and Brief in Support [Doc. No. 62], brought under FED. R. CIV. P. 59. Defendant Federated Mutual Insurance Company has filed a response [Doc. No. 63], and Plaintiff replied [Doc. No. 66]. The matter is fully briefed and at issue.

On February 20, 2025, the Court denied Plaintiff's Motion for Post-Appeal Partial Summary Judgment [Doc. No. 47], granted Federated's Cross-Motion for Summary Judgment [Doc. No. 54], and entered judgment in favor of Federated [Doc. Nos. 60, 61]. In that Order [Doc. No. 60], the Court recited the factual and procedural background of this case, which will not be repeated here. Plaintiff now moves for a "new trial" under FED. R. CIV. P. 59. Because Plaintiff's motion was filed within 28 days after the judgment was entered, the motion is construed as a motion to alter or amend the judgment under FED. R. CIV. P. 59(e). *See Nelson v. City of Albuquerque*, 921 F.3d 925, 928-29 (10th Cir. 2019).

1

Grounds warranting a motion to reconsider under Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete*, 204 F.3d at 1012. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Plaintiff's motion is not a model of clarity, nor does it refer to any specific grounds warranting relief under Rule 59(e). Plaintiff appears to argue that it was improper for this Court to decide that UM benefits in this case are limited to $25,000 because the amount of UM benefits was "already decided in the Oklahoma Supreme Court and adopted by the [Tenth] Circuit." [Doc. No. 62, at 3]. The Court disagrees. The Tenth Circuit certified the following question, along with two others, to the Oklahoma Supreme Court:

> If FADCO's insurance policy with Federated violates 36 O.S. § 3636, does the legislative intent or purpose of § 3636 impute the $1,000,000 uninsured motorist coverage policy limit FADCO purchased for its directors, officers, partners, owners, and their family members who qualify as insureds or [does] the $25,000 per person/$50,000 per accident minimum uninsured motorist coverage policy limit in § 3636 [apply] to the other persons who qualify as insureds?

*Anaya-Smith v. Federated Mut. Ins. Co.*, 549 P.3d 1213, 1220 (Okla. 2024). The Oklahoma Supreme Court declined to answer this question in the first instance because "what amount would be payable under the Federated policy was not decided by the federal district court

and has not been briefed by the parties." *Id.* Thereafter, the Tenth Circuit reversed and remanded the case for further proceedings. *See Anaya-Smith v. Federated Mut. Ins. Co.*, 2024 WL 2353882 (10th Cir. May 23, 2024).

Plaintiff asserts that the Oklahoma Supreme Court and the Tenth Circuit have already decided the amount of UM benefits owed under the policy; however, this case was remanded to this Court to decide that very question. Plaintiff conceded as much in her post-remand motion for partial summary judgment: "However, the [Oklahoma Supreme Court] declined to answer whether the $1 million limits of the policy applies or whether the $25,000 minimum limit under § 3636 applies." [Doc. No. 47, at 3].

Plaintiff's remaining arguments merely rehash issues addressed by the Court's previous Order [Doc. No. 60], and Plaintiff further fails to tie any of her arguments to grounds warranting relief under Rule 59(e). Finding no basis to reconsider the Court's Order or Judgment pursuant to FED. R. CIV. P. 59(e), Plaintiff's motion will be denied.

In her motion, Plaintiff also requests that the Court defer ruling on whether Federated is entitled to a lien pursuant to Okla. Stat. tit. 85A, § 43. Plaintiff asserts that Section 43 violates Art. 23, § 7 of the Oklahoma Constitution and, alternatively, that such a lien would be improper in this case "because the employer or insurance carrier has not sued the employer or insurance carrier, as required by [Okla. Stat. tit. 85A, § 43]." [Doc. No. 62, at 12-13]. Although the parties' briefing references the propriety of Federated asserting a lien under Section 43, that issue is not before the Court. Federated did not assert a lien pursuant to Section 43 in its Answer and Counterclaim [Doc. No. 12]. Further, although Federated stated – in a Motion for Status Conference [Doc. No. 44] – its intent to

amend its counterclaim to include a lien under Section 43, Federated did not seek leave to do so. Accordingly, the Court declines to address at this juncture whether Federated is entitled to assert a worker's compensation lien pursuant to Okla. Stat. tit. 85A, § 43.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for New Trial and Brief in Support [Doc. No. 62] is **DENIED**.

**IT IS SO ORDERED** this 3rd day of July, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge